UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Judy Larson, Janelle Mausolf, and Karen Reese, *individually and on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Allina Health System; the Allina Health System Board of Directors; the Allina Health System Retirement Committee; the Allina Health System Chief Administrative Officer; the Allina Health System Chief Human Resources Officer; Clay Ahrens; John I. Allen; Jennifer Alstad; Gary Bhojwani; Barbara Butts-Williams; John R. Church; Laura Gillund; Joseph Goswitz; Greg Heinemann; David Kuplic; Hugh T. Nierengarten; Sahra Noor; Brian Rosenberg; Debbra L. Schoneman; Thomas S. Schreier, Jr.; Abir Sen; Sally J. Smith; Darrell Tukua; Penny Wheeler; Duncan Gallagher; Christine Webster Moore; Kristyn Mullin; Steve Wallner; John T. Knight; and John Does 1–20,<br><br>Defendants. | Case No. 17-cv-3835 (SRN/TNL)<br><br>**PROTECTIVE ORDER** |

This matter comes before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 80). Pursuant to the parties' Stipulation and Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED** that confidential information shall be disclosed only in the following designated ways:

    1.    As used in the Protective Order, these terms have the following meanings:

(a) "Attorneys" means counsel of record;

(b) "Confidential" and "Confidential – Attorneys' Eyes Only" documents are documents designated pursuant to Paragraph 2;

(c) "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

(d) "Outside Vendors" means, by way of example, messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

(e) "Party" means either named Plaintiffs or named Defendants and their counsel, and "Parties" means all named Plaintiffs and their counsel and all named Defendants and their counsel; and

(f) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a document "Confidential" or "Confidential – Attorneys' Eyes Only" to protect information within the scope of Fed. R. Civ. P. 26(c). Documents, discovery responses, testimony, tangible things, or other information may be designated Confidential regardless of how generated, stored, or maintained if the Producing Party reasonably and in good faith believes that such material contains or reflects information that constitutes confidential, non-public, proprietary, commercially sensitive, or private information of an individual or entity. Documents, discovery responses, testimony, tangible things, or other information may be designated "Confidential – Attorneys' Eyes Only" regardless of how generated, stored, or maintained if the Producing Party reasonably and in good faith believes that such material contains or reflects: (a) highly sensitive financial information of an individual or entity; (b) highly sensitive personal information (e.g. social security numbers); (c) trade

secrets; or (d) competitively-sensitive information that meets the requirements for protection from public filing.

3. "Confidential" and "Confidential – Attorneys' Eyes Only" documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in this Protective Order. If any other use is sought, the requesting party or third party must file a motion to amend the Protective Order in compliance with Local Rule 7.1.

4. Access to any Confidential document shall be limited to:

   (a) the Court and its staff;

   (b) Attorneys, their law firms, and their Outside Vendors;

   (c) court reporters retained to transcribe testimony;

   (d) the Parties;

   (e) outside independent persons (i.e., persons not currently employed by, consulting with, or otherwise associated with any Party, and who are not currently employed by a competitor to Allina Health System) who are retained by a Party or its attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

   (f) the Parties' insurers and insurers' counsel participating in matters relating to this action and their legal, clerical, or support staff, including temporary or contract staff; and

   (g) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for this action.

5. Access to Confidential – Attorneys' Eyes Only documents shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (e), (f) and (g).

6. If a Party that received Confidential or Confidential – Attorneys' Eyes Only ("Receiving Party") is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Action as Confidential or Confidential – Attorneys' Eyes Only Information, the Receiving Party must so notify the Party that designated the document as Confidential or Confidential – Attorneys' Eyes Only ("Designating Party"), in writing, immediately and in no event more than five days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. Third parties producing documents in the course of this action may also designate documents as Confidential or Confidential – Attorneys' Eyes Only, subject to the same protections and constraints as the Parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as Confidential – Attorneys' Eyes Only for a period of fourteen days from the date of their production, and during that period any Party may designate such documents as Confidential or Confidential – Attorneys' Eyes Only pursuant to the terms of the Protective Order.

7. Each person appropriately designated pursuant to Paragraph 4(e) or (g) to receive Confidential or Confidential – Attorneys' Eyes Only information shall execute a "Written Assurance" in the form attached as Exhibit A. When a "Written Assurance" is executed by an "outside independent person," as designated in Paragraph 4(e), such

"Written Assurance" shall not be produced to the opposing Party except upon agreement of all Parties or by order of the Court upon a showing of good cause. Opposing counsel shall be notified at least fourteen days prior to disclosure to any such person who is known to be a current employee or agent of, or consultant to, any competitor of the Party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within fourteen days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

8. All depositions or portions of depositions taken in this action that contain Confidential or Confidential – Attorneys' Eyes Only information may be designated Confidential or Confidential – Attorneys' Eyes Only and thereby obtain the protections accorded other Confidential and Confidential – Attorneys' Eyes Only documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within fourteen days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the fourteen day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Confidential – Attorneys' Eyes Only information shall be taken only in the presence of persons who are qualified to have access to such information, and the transcript containing the Confidential – Attorneys' Eyes Only testimony and materials shall be separately bound from the remainder of the deposition transcript and exhibits.

9. In connection with any motion filed with this Court, only those portions of a Party's submission (e.g., memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of protection from public filing (e.g., because they are subject to the attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G)), shall be filed under seal. Designation of material as Confidential or Confidential – Attorneys' Eyes Only or protected by any Party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement.

**The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any Party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary. If a Party files a document with the Court that contains Confidential or Confidential – Attorneys' Eyes Only information, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit B attached hereto. Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.**

10. If, in connection with this action, information subject to a claim of privilege, work product doctrine or other protection is produced ("Disclosed Protected

5

Information"), the disclosure of the Disclosed Protected Information is not a waiver or forfeiture of any claim of privilege, work product or other protection that a Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter, provided that the Producing Party provides written notice of the disclosure ("Disclosure Notice") to the Receiving Party within 90 days of production.

Within fourteen days of receipt of the Disclosure Notice, the Receiving Party shall return, sequester, destroy, or retrieve all copies of the Disclosed Protected Information, including any copies that the Receiving Party provided to experts, third parties, or any other individuals or entities. Upon request, the Receiving Party shall provide a certification of counsel that all such Disclosed Protected Information has been returned, sequestered, destroyed, or retrieved. The Producing Party also shall provide substitute appropriately-designated documents and a privilege log of the Disclosed Protected Information within ten business days of the Disclosure Notice. The contents of the Disclosed Protected Information shall not be disclosed to anyone who was not already aware of the contents of the Disclosed Protected Information before the Disclosure Notice was made. The Receiving Party returning the Disclosed Protected Information may move the Court for an order compelling production of some or all of the material that is subject to the Disclosure Notice returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production. The stipulated agreement set forth in this paragraph does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or other potentially applicable privilege or doctrine.

11. Any Party may request a change in the designation of any information designated Confidential or Confidential – Attorneys' Eyes Only by identifying the beginning Bates number(s) of each document it believes should be changed. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as Confidential or Confidential – Attorneys' Eyes Only in the action may be affected. The Party asserting that the material is Confidential or Confidential – Attorneys' Eyes Only shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. Within 60 days of the termination of this action, including any appeals, each Party shall either destroy or return to the Producing Party all documents designated by the Producing Party as Confidential or Confidential – Attorneys' Eyes Only and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each Party also must retrieve or certify destruction of any Confidential or Confidential – Attorneys' Eyes Only produced to experts, third parties, or any other individuals or entities. Each Party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court, all correspondence generated in connection with the action, and all deposition transcripts along with their exhibits.

13. Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from

seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by the Protective Order shall survive the termination of this action.

16. **All prior consistent orders remain in full force and effect.**

17. **Remedies. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date: February___4___, 2019         _____*s/ Tony N. Leung*_____
                                    Tony N. Leung
                                    United States Magistrate Judge

                                    *Larson et al. v. Allina Health System et al.*
                                    Case No. 17-cv-3835 (SRN/TNL)

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

    I reside at _____in the City of _____, County of _____, State of _____.

    My telephone number is _____.

    I am currently employed by_____, located at _____, and my current job title is _____.

    I have read and I understand the terms of the Protective Order dated _____ filed in Case No. 17-cv-03835, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

    I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential – Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

    As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies, excerpts, summaries, notes, digests, abstracts and indices relating to such documents.

    I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____  _____

          (Date)                      (Signature)

**EXHIBIT B**

**SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG**

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | 5, 8, 12-15, 23-25 | X | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | 16-20, 26-27 | X | | | | *Confidential medical records.* |