# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Judy Larson, Janelle Mausolf, and Karen Reese, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Allina Health System; the Allina Health System Board of Directors; the Allina Health System Retirement Committee; the Allina Health System Chief Administrative Officer; the Allina Health System Chief Human Resources Officer; Clay Ahrens; John I. Allen; Jennifer Alstad; Gary Bhojwani; Barbara Butts-Williams; John R. Church; Laura Gillund; Joseph Goswitz; Greg Heinemann; David Kuplic; Hugh T. Nierengarten; Sahra Noor; Brian Rosenberg; Debbra L. Schoneman; Thomas S. Schreier, Jr.; Abir Sen, Sally J. Smith; Darrell Tukua; Penny Wheeler; Duncan Gallagher; Christine Webster Moore; Kristyn Mullin; Steve Wallner; John T. Knight; and John Does 1–20,<br><br>Defendants. | Case No. 17-cv-03835 (SRN/TNL)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION AND SCHEDULING A DATE FOR A FAIRNESS HEARING** |

_____

Mark Gyandoh, Capozzi Adler, P.C., 2933 North Front St., Harrisburg, PA 17110, for Plaintiffs

Nicholas J. Bullard, Dorsey & Whitney, LLP, 50 S. Sixth St., Suite 1500, Minneapolis, MN 55402, for Defendants
_____

SUSAN RICHARD NELSON, United States District Judge

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Allina Health System ("*Allina*") 403(b) Retirement Savings Plan and the Allina 401(k) Retirement Savings Plan (collectively, the "*Plans*" or "*Plan*").[1] The terms of the *Settlement* are set out in the *Settlement Agreement*, fully executed as of October 14, 2019, by counsel on behalf of the *Named Plaintiffs* and *Defendants*, respectively.

Pursuant to the *Named Plaintiffs'* Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and Manner of Class Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a *Fairness Hearing* [Doc. No. 94], the *Court* preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the proposed *Settlement Class*. Upon reviewing the *Settlement Agreement* and the matter having come before the *Court* at the Preliminary Approval hearing on November 21, 2019, due notice having been given and the *Court*

---

[1] All capitalized and italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the *Settlement Agreement*, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("*Settlement Class*"):

> All current and former participants and beneficiaries (excluding *Defendants* and their *Immediate Family Members*) of the Allina Health System ("*Allina*") 403(b) Retirement Savings Plan and the Allina 401(k) Retirement Savings Plan at any time between August 18, 2011 and the date of this Order.

2. Pursuant to the *Settlement Agreement*, and for settlement purposes only, the *Court* preliminarily finds that:

    (a) as required by FED. R. CIV. P. 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plans* and from other objective criteria, and the *Settlement Class* is so numerous that joinder of all members is impracticable.

    (b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the *Settlement Class*.

    (c) as required by FED. R. CIV. P. 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class* that the *Named Plaintiffs* seek to certify.

    (d) as required by FED. R. CIV. P. 23(a)(4), that the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in

that: (i) the interests of the *Named Plaintiffs* and the nature of the alleged claims are consistent with those of the *Settlement Class* members; and (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*.

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of: (i) inconsistent or varying adjudications as to individual *Settlement Class* members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this *Action*; or (ii) adjudications as to individual *Settlement Class* members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f) as required by FED. R. CIV. P. 23(g), *Class Counsel* are capable of fairly and adequately representing the interests of the *Settlement Class*, and *Class Counsel*: (i) have done appropriate work identifying or investigating potential claims in the *Action*; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the *Settlement Class*.

3. The *Court* preliminarily appoints the *Named Plaintiffs* Judy Larson, Janelle Mausolf, and Karen Reese as class representatives for the *Settlement Class* and Kessler

Topaz Meltzer & Check LLP, Bailey & Glasser LLP, Izard Kindall & Raabe LLP, and Nichols Kaster, PLLP as *Class Counsel* for the *Settlement Class*.

4. The *Court* preliminarily approves the proposed *Plan of Allocation*, finding it is fair, reasonable, and adequate.

5. **Preliminary Approval of Proposed Settlement** – The *Settlement Agreement* is hereby preliminarily approved as fair, reasonable, and adequate. This *Court* preliminarily finds that:

   a) The *Settlement* was negotiated vigorously and at arm's-length by counsel for the *Defendants*, on the one hand, and the *Named Plaintiffs* and *Class Counsel* on behalf of the *Settlement Class*, on the other hand;

   b) *Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

   c) This *Action* settled after this *Court* dismissed *Named Plaintiffs' Complaint* in part;

   d) If the *Settlement* had not been achieved, *Named Plaintiffs* and the *Defendants* faced the expense, risk, and uncertainty of extended litigation;

   e) The amount of the *Settlement* – two million, four hundred and twenty five thousand dollars ($2,425,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the *Class Settlement Amount* is efficient, relying on *Defendants'* records and requiring no filing of claims. The *Settlement* terms related to attorneys' fees do not raise any questions concerning fairness of the

*Settlement,* and there are no agreements, apart from the *Settlement,* required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The *Class Settlement Amount* is within the range of settlement values obtained in similar cases;

f) At all times, the *Named Plaintiffs* and *Class Counsel* have acted independently of *Defendants* and in the interest of the *Settlement Class*; and,

6. **Fairness Hearing** – A hearing is scheduled for **April 16, 2020, at 9:30 a.m.** to make a final determination, concerning among other things:

- Whether the *Settlement* merits final approval as fair, reasonable, and adequate;

- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;

- Whether the notice method proposed by the *Parties*: (i) constitutes the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Fairness Hearing*; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement*;

- Whether the proposed *Plan of Allocation* should be finally approved; and

- Whether *Class Counsel's* application(s) for attorneys' fees and expenses and *Case Contribution Awards* to the *Named Plaintiffs* is fair and reasonable, and should be approved.

7. **Class Notice** – The *Court* approves the form of *Class Notice* attached as Exhibit A to the *Settlement Agreement*. The *Court* finds that such form of notice fairly and adequately: (a) describes the terms and effects of the *Settlement Agreement*, the *Settlement*, and the *Plan of Allocation*; (b) notifies the *Settlement Class* that *Class Counsel* will seek attorneys' fees and litigation costs from the *Settlement Fund*, payment of the costs of administering the *Settlement* out of the *Settlement Fund*, and for a *Case Contribution Award* for the *Named Plaintiffs* for their service in such capacity; (c) gives notice to the *Settlement Class* of the time and place of the *Fairness Hearing*; and (d) describes how the recipients of the *Class Notice* may object to any of the relief requested. The *Parties* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the *Court* directs that *Class Counsel* shall:

- By no later than **December 20, 2019**, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be provided by first-class mail, postage prepaid, to the last known address of each member of the *Settlement Class* who can be identified through reasonable effort.

- By no later than **December 20, 2019**, cause the *Class Notice* to be published on the website identified in the *Class Notice*, www.Allina

7

ERISAsettlement.com, which will also host and make available copies of all *Settlement*-related documents, including the *Settlement Agreement*.

8. **Petition for Attorney's Fees and Litigation Costs and Case Contribution Awards** – Any petition by *Class Counsel* for attorney's fees, litigation costs and *Case Contribution Awards* to the *Named Plaintiffs*, and all briefs in support thereof, shall be filed no later than **March 16, 2020**.

9. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the *Settlement* shall be filed no later than **March 16, 2020**).

10. **Objections to Settlement** – Any member of the *Settlement Class* or authorized recipient of any *CAFA Notice* may file an objection to the fairness, reasonableness, or adequacy of the *Settlement*, to any term of the *Settlement Agreement*, to the *Plan of Allocation*, to the proposed award of attorneys' fees and litigation costs, the payment of costs of administering the *Settlement* out of the *Settlement Fund*, or to the request for a *Case Contribution Award* for the *Named Plaintiffs*. An objector must file with the *Court* a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the *Court's* attention or introduce in support of the objection(s). The address for filing objections with the *Court* is as follows:

Clerk of the Court
United States District Court, District of Minnesota
Warren E. Burger Federal Building & United States Courthouse
316 North Robert Street
Suite 100
St. Paul, MN 55101

Re:  *Larson, et al. v. Allina Health System, et al.*,
 Civil Action No. 17-cv-03835-SRN/SER (D. Minn)

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the *Court* no later than **March 16, 2020**.  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the *Court* no later than **March 16, 2020**.  Any member of the *Settlement Class* or other *Person* who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred.  Any responses to objections shall be filed with the *Court* no later than **March 30, 2020**.  There shall be no reply briefs.

11. Any additional briefs the *Parties* may wish to file in support of the *Settlement* shall be filed no later than **March 30, 2020**.

12. **Appearance at Final Approval Hearing** – Any objector who files and serves a timely, written objection in accordance with paragraph 10 above may also appear at the *Fairness Hearing* either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the *Fairness Hearing* must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the *Court* by no later than **March 30,**

**2020**.  Any objector who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Fairness Hearing*, except for good cause shown.

      13.    **Notice Expenses** – The expenses of printing, mailing, and publishing the *Class Notice* required herein shall be paid exclusively from the *Settlement Fund*.

      14.    **Termination of Settlement** – This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions as of the day immediately before the *Parties* reached agreement to settle the *Action*, if the *Settlement* is terminated in accordance with the terms of the *Settlement Agreement*.

      15.    **Use of Order** – This Order is not admissible as evidence for any purpose against *Defendants* in any pending or future litigation.  This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any finding of fiduciary status, fault, wrongdoing, breach, omission, violation of law, breach of duty, mistake, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit, or that the relief requested in the *Action* is inappropriate, improper, or unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification, in the event that the *Settlement Agreement* is terminated.  Moreover, the *Settlement Agreement* and any proceedings taken pursuant to the *Settlement Agreement* are for settlement

purposes only. Neither the fact of, nor any provision contained in, the *Settlement Agreement* or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

16. **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the *Settlement*, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the *Settlement* as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

17. **Continuance of Final Approval Hearing** – The *Court* reserves the right to continue the *Fairness Hearing* without further written notice.

SO ORDERED this 21st day of November, 2019.

                                           s/Susan Richard Nelson
                                           Susan Richard Nelson
                                           United States District Judge