UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

RECEIVED BY MAIL
JAN 17 2020
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

| | |
|---|---|
| JUDY LARSON, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 17-cv-03835 (SRN/TNL)<br>) |
| v. | )<br>) |
| | ) Honorable Susan Richard Nelson,<br>) United States District Judge |
| ALLINA HEALTH SYSTEM, *et al.* | )<br>) Honorable Tony N. Leung, |
| Defendants. | ) United States Magistrate Judge |

## MOTION OF FOR LEAVE TO FILE *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY BY SHIYANG HUANG

Shiyang Huang respectfully submits motion for leave to file attached amicus brief in support of neither party. Amicus recently appealed an *identical* case to Eighth Circuit Court of Appeals, briefed **constitutional violations** of Art. III standing deficiency and due process abuse of "*no opt-out* class-action for money".

***Amicus recommends the Court to hold class-action settlement approval in abeyance*** pending decision from Eighth Circuit (*Schultz v. Huang*, No. 19-2158, all briefs submitted for non-argument on Aug. 13, 2019). Alternatively, the Court should consider *amicus'* arguments to protect due process of unnamed, legally unsophisticated nonparty absentees, who usually lack control of class litigations, and are susceptible to **due-process violations** and **inadequate class representation.**

SCANNED
JAN 17 2020
U.S. DISTRICT COURT ST. PAUL

1

## INTEREST OF AMICUS

The sole interest of amicus is to support the ***correct*** use of class-action device, so that absentee will see less abuse while settling Plaintiffs often force Courts to "face a bargain proffered for its approval without benefit of adversarial investigation." *Amchem Prods. v. Windsor*, 521 US 591, 621 (1997)[1]. For full disclosure, some of Plaintiffs' attorneys here represented appellees while amicus is a *pro se* Appellant-Objector in Eighth Circuit (No. 19-2158, *Schultz v. Huang*). *Pro se* movant is not a lawyer, and briefed here without help from anyone .

"An amicus, of course, is not a party to the litigation and participates only to assist the court."[2] "[I]t is within the district court's discretion to grant a motion for leave to file an amicus curiae brief".[3] District courts often refer to FRAP 29(a) for guidelines of appellate amicus brief filings, and often permit such amicus filings "as it deems the proffered information timely, useful, or otherwise."[4].

Amicus should be GRANTED leave to file this brief for three reasons.

---

[1] *Cf. Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014)(Posner, J.)

[2] *Waste Mgmt. of Penn. v. City of York*, 162 F.R.D. 34, 36 (M.D. Penn. 1995).

[3] Midland Farms, LLC v. US DEPT. OF AGRICULTURE, 35 F. Supp. 3d 1056, 1064 (D.S.D. 2014) (citing *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012)

[4] *Richland Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014) (quoting *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D.Minn. 1994))

*First*, amicus only focus on flagging **Constitutional defects** for this Court—Article III standing and Due Process—key threshold questions for jurisdictions.

*Second*, amicus has a strong interest of this case, as a similar "excess fee" with no opt-out settlement-class posture at the District Court, where few objectors could or would or properly object. *See Schultz et al. v. Edward D. Jones & Co., L.P., et al.*, No. 1:16-cv-1346-JAR (E.D.Mo.), *appealed*, No. 19-2158 (8th Cir.)

*Lastly*, given similarity in *Schultz*, Eighth Circuit's decision in *Schultz* could be a binding precedent here either way. *cf. Anastasoff v. US*, 223 F.3d 898 (8th Cir. 2000)(holding unpublished opinions are precedential in Eighth Circuit), *vacated for en banc review but case became moot*, 235 F.3d 1054 (8th Cir. 2000).

This Court should GRANT the leave to file amicus brief, so as to consider abeyance for *Schultz* decision, or, scrutinize absentees' Art. III standing and due-process failures of "mandatory money damages class" presented here. *Cf. Amchem*, 521 US at 613 ("Rule 23's requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that rules of procedure "shall not abridge, enlarge or modify any substantive right".)

Date: January 13, 2020                      Respectfully Submitted,

                                            Shiyang Huang (*Pro Se*)
                                            defectivesettlement@gmail.com