UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JUDY LARSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 17-cv-03835 (SRN/TNL) |
| v. | ) |
| | ) Honorable Susan Richard Nelson, |
| ALLINA HEALTH SYSTEM, et al. | ) United States District Judge |
| | ) |
| Defendants. | ) |

## *AMICUS CURIAE* BY SHIYANG HUANG FOR NEITHER PARTY

Amicus recommends the Court to hold class-action settlement approval in abeyance pending decision from Eighth Circuit (*Schultz v. Huang*, No. 19-2158, all briefs submitted for non-argument on Aug. 13, 2019). Alternatively, the Court should consider *amicus'* arguments to protect due process of unnamed, legally unsophisticated nonparty absentees, who usually lack control of class litigations, and are susceptible to **due-process violations** and **inadequate class representation.**

### I. "Cashed-Out Subclass" Lack Standing for Injunctive Relief

Subclass members, with $0 balance *and* cannot re-enter Defendants' 401(k) or 403(b) Plans without re-employment, **lack standing** for future injunctive relief. "Plaintiffs' analysis does not change the fact that the relief they seek would come from an advisory opinion", *Gonzalez v. Corning*, 885 F.3d 186, 193 (3d Cir. 2018).

1

SCANNED
JAN 17 2020
U.S. DISTRICT COURT ST. PAUL

Here, after this Court ruled on Defendants' motion to dismiss, *Dkt.* 71 (Oct. 1, 2018), Plaintiffs' leftover claims remains to seek both money damages suffered, ***and*** relief of alleged ***future*** injuries. *Id.* at 25 ("K-class funds"), 26-28 (record-keeper fees), 34-36 (revenue sharing), 38-40 (fiduciary duty – monitoring, co-fiduciary liability), 43 ("fee" disclosure). But "a class cannot be certified if it contains members who lack standing." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010). Following *Avritt*, ***every*** "plaintiff must demonstrate standing for ***each claim he seeks to press***" and "***for each form of relief***" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)(emphasized).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by…a sufficient likelihood that [the plaintiff] will again be wronged in a similar way". *In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1054 (8th Cir. 2018)(cleaned up). Standing is moot as people left the Plan, and ***has no stakes to lose in future***. In this case at bar, Plaintiffs sought and received preliminary approval of the following class definition. *Dkt.* 99 at 3 (Order Granting Preliminary Approval).

> All current and former participants and beneficiaries (excluding Defendants and their Immediate Family Members) of the Allina Health System ("Allina") 403(b) Retirement Savings Plan and the Allina 401(k) Retirement Savings Plan at any time between August 18, 2011 and the date of this Order.

*Inevitably*, some class members became an eligible member by employment with

individual account". *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 US 248, 254 (2008) (holding one can sue for damages in his single 401(k) account **alone**; LaRue, *and nobody else*, is entitled to **individualized monetary damages**). Without inconsistent adjudication[6] for money-only cashed out subclass, and the obvious lack of "limited fund", *Ortiz v. Fibreboard Corp.*, 527 US 815 (1999), Rule 23(b)(1) use is clearly incompatible here. "Because the notice and opt-out procedural safeguards automatically attach to all classes certified under Rule 23(b)(3), damages actions are generally certified under this subdivision." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889 n.4 (7th Cir. 2011). Plaintiffs' motion for Rule 23(b)(1) class certification thus violates fiduciary duty and due-process to seek *mandatory damage class*, "not a damages class under Rule 23(b)(3)… avoid[ing] the heightened certification and notice requirements". *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 329 (3d Cir. 2019). Such constitutional abuses "neither promotes the efficiency and economy underlying class actions nor pays sufficient heed to the federalism and separation

---

[6] "[N]o inconsistency is created when courts award varying levels of money damages" *Casa Orlando Apts., Ltd. v. Federal Nat. Mortg. Ass'n*, 624 F.3d 185, 197 (5th Cir. 2010). "The fact that some plaintiffs may be successful in their suits…while others may not is clearly not a ground for invoking Rule 23(b)(1)(A)" *In re Bendectin Prod. Liability Litig.*, 749 F.2d 300, 305 (6th Cir. 1984); *Also see Babineau v. Fed. Exp. Corp.* 576 F.3d 1183, 1195 (11th Cir. 2009); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1193-1194 (9th Cir. 2001)

Defendants. It is equally obvious that some left Defendants' jobs during past 8 years, while cashing out the 401(k) / 403(b) elsewhere to have $0 stakes in future.

"[C]lass action...adds nothing to the question of standing." *Wong v. Wells Fargo Bank NA*, 789 F.3d 889, 896 (8th Cir. 2015)(cleaned up). Subclass with $0 balance now **cannot** suffer future injuries, and is just ***a subclass without standing***. This subclass "***already "cashed out"...forms of equitable relief—injunction, mandamus, or restitution—would not redress their claim...[their] claim in the present case is essentially one for money damages***". *West v. AK Steel Corp.*, 484 F.3d 395, 403-404 (6th Cir. 2007)(emphasized). After breaking ties from the Plans, "there can be no meaningful relief granted by an injunctive order...this claim is moot." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 426 (5th Cir. 2013)(citation omitted). Eighth Circuit case laws would also find cashed-out subclass of Plaintiffs *here* to "lack standing to pursue their injunctive-relief claims." *In re Pre-Filled Propane Tanks Antitrust Litig.*, 893 F.3d at 1058.

## II. Mandatory Class for "Money Damages" Violates Due Process

For both "cashed-out" subclasses without injunctive standing and the rest, "individualized monetary claims belong in Rule 23(b)(3)...in the context of a class action predominantly for money damages ... absence of ...opt-out violates due process". *Wal-Mart Stores v. Dukes*, 131 S.Ct. 2551, 2558-2559. (Scalia, J.). ERISA "does authorize recovery for fiduciary breaches...in a participant's

3

of powers principles". *Elizabeth v. Montenez*, 458 F.3d 779, 788 (8th Cir. 2006).

Plaintiffs may conflate *Ortiz*'s dicta as support, 527 US at 834, but 401(k)/403(b) accounts are *individualized ex ante*, and limited fund only suits cases that "requir[e] an accounting or similar procedure" *ex post* and **no limited fund exists here**. *Id.*

| Defined… | a/k/a | Trust Type | | Analogy | Each has… |
|---|---|---|---|---|---|
| Benefits | Pension | Undivided | Common | Mashed Potatoes | A scoop |
| ***Contribution*** | ***401(k)*** | ***Divided*** | Interest | Bag of french fries | *own* fry |

401(k) and 403(b) are individualized accounts "fries" in a trust "bag"—but participants *decide* size of his/her account "fry". If, *arguendo*, fiduciaries injured **individualized balances**, damages are ***individualized***, and applies Rule 23(b)(3) without "limited-fund" accounting—because *no one could lose current balances*.

## III. Conclusion

This Court should hold parties' settlement motion in abeyance pending decision from Eighth Circuit (*Schultz v. Huang*), or the Court should consider *amicus*' arguments about Article III standing and due-process failures while this Court could only decide "cases or controversies arising between opposing parties". *Muskrat v. United States*, 219 U.S. 346, 362 (1911).

Date: January 13, 2020

Respectfully Submitted,

Shiyang Huang (*Pro Se*)
defectivesettlement@gmail.com