# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Judy Larson, Janelle Mausolf, and Karen Reese, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Allina Health System; the Allina Health System Board of Directors; the Allina Health System Retirement Committee; the Allina Health System Chief Administrative Officer; the Allina Health System Chief Human Resources Officer; Clay Ahrens; John I. Allen; Jennifer Alstad; Gary Bhojwani; Barbara Butts-Williams; John R. Church; Laura Gillund; Joseph Goswitz; Greg Heinemann; David Kuplic; Hugh T. Nierengarten; Sahra Noor; Brian Rosenberg; Debbra L. Schoneman; Thomas S. Schreier, Jr.; Abir Sen; Sally J. Smith; Darrell Tukua; Penny Wheeler; Duncan Gallagher; Christine Webster Moore; Kristyn Mullin; Steve Wallner; John T. Knight; and John Does 1–20,<br><br>Defendants. | Case No. 17-cv-3835 (SRN/TNL)<br><br><br>**ORDER ON MOTION FOR LEAVE TO FILE AMICUS CURIAE** |

Brock J. Specht, Carl F. Engstrom, and Kai H. Richter, Nichols Kaster, PLLP, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Douglas Patrick Needham, Mark Patrick Kindall, and Robert A. Izard, Jr., Izard Kindall & Raabe, LLP, 29 South Main Street, Suite 305, West Hartford, CT 06107; Mark K. Gyandoh, Capozzi Adler, P.C., 2933 North Front Street, Harrisburg, PA 17110, for Plaintiffs.

Andrew J. Holly, Nicholas J. Bullard, and Stephen P. Lucke, Dorsey & Whitney LLP, 50 South 6th Street, Suite 1500, Minneapolis, MN 55402; Eric G. Serron and Paul J. Ondrasik, Jr., Steptoe & Johnson LLP, 1330 Connecticut Avenue NW, Washington D.C. 20036, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is non-party Shiyang Huang's Motion for Leave to File Amicus Curiae in Support of Neither Party [Doc. No. 103] and Motion for Leave to File Reply/Surreply [Doc. No. 110]. Huang's Motion for Leave to File Amicus Curiae seeks to "correct [the] use of [the] class-action device[] so that absentee will see less abuse while settling[.] (sic)" (*See* Motion for Leave to File Amicus Curiae (Amicus Motion) [Doc. No. 103] at 2.) Huang's Motion for Leave to File Reply, on the other hand, seeks permission to file a reply brief responding to both parties' opposition to Huang's Amicus Motion.[1] (Motion for Leave to File Reply (Reply Br. Motion) [Doc. No. 110].) For the following reasons, the Court **DENIES** Huang's Motion for Leave to File Amicus Curiae [Doc. No. 103] and **DENIES AS MOOT** Huang's Motion for Leave to File Reply/Surreply [Doc. No. 110].

I.   **BACKGROUND AND DISCUSSION**

On August 18, 2017, Plaintiffs filed the present class-action case against Defendants for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1009, 1132 (2012). (*See* Compl. [Doc. No. 1] at 2.) Generally, Plaintiffs' claims consist of allegations that Defendants violated their fiduciary duties while managing Defendants' various Retirement Savings Plans. (*Id.* at 1.) Early in the case, Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (*See* Mot. to Dismiss [Doc. No. 28].) Following extensive arguments by the parties, the Court

---

[1]   Under this Court's local rules, the Court must grant permission before a reply brief may be filed for a nondispositive civil motion. *See* D. Minn. L.R. 7.1(b)(3).

granted in part and denied in part the motion to dismiss. (*See* Order Granting in Part and Denying in Part Mot. to Dismiss [Doc. No. 71].)

On April 19, 2019, the parties notified the Court that they had agreed to the basic terms of a settlement that would resolve the matter entirely, and sought a temporary stay of the proceedings; the Court granted that request, staying the case while the parties drafted a settlement agreement. (*See* Stip. to Stay Pending Settlement Approval [Doc. No. 83]; Order granting Stay [Doc. No. 85]; *see also* Orders extending Stay [Doc. Nos. 90, 93].)

On October 16, 2019, Plaintiffs filed an unopposed Motion for Preliminary Approval of Settlement [Doc. No. 94], which the Court granted. (*See* Order granting Prelim. Approval of Settlement [Doc. No. 99].) A fairness hearing is currently scheduled for April 16, 2020 before the undersigned. (*See* Min. Entry [Doc. No. 99].)

On January 17, 2020, non-party, non-class member Shiyang Huang filed the present Motion for Leave to File Amicus Curiae in Support of Neither Party. (*See* Amicus Motion [Doc. No. 103].) While his motion is less than clear, it appears to the Court that Huang is arguing that he should be permitted to file his amicus brief for three reasons: (1) Huang is "flagging" constitutional Article III standing and Due Process concerns for the Court; (2) Huang has a strong interest in this case in light of his involvement and objections in an entirely separate case, *Schultz v. Edward D. Jones & Co, L.P.*, No. 4:16-cv-1346–JAR (E.D. Mo.), *affirmed sub. nom.*, *McDonald v. Edward D. Jones & Co., L.P.*, No. 19-2158, 2020 WL 504865, ___ Fed. App'x ___ (8th Cir. Jan. 31, 2020), and because very few objectors "could or would [] properly object" to this settlement; and (3) this case's similarities to *Schultz*, and the Eighth Circuit's consideration of the appeal in that case, suggest this Court should

3

consider the merits of Huang's brief.  (*See* Amicus Mot. [Doc. No. 103] at 3.)  Plaintiffs and Defendants oppose Huang's motion on various grounds, including that it is premature, unhelpful, violates Fed. R. Civ. P. 11, and that the case Huang was involved in is not similar enough to warrant his involvement here.  (*See* Pl.'s Mem. in Opp'n to Mot. for Leave to File Amicus [Doc. No. 107] at 2–3; Defs.'s Mem. in Opp'n to Mot. for Leave to File Amicus [Doc. No. 108] at 1–2.)  Huang then filed a Motion for Leave to File Reply seeking permission to file a reply brief responding to each party's opposition.  (Reply Br. Motion [Doc. No. 110].)

There is no formal rule governing the standard by which to evaluate whether to grant a motion requesting leave to file an amicus curiae brief.  Rather, "[a] determination on a request to participate as amicus curiae is discretionary, and 'the court . . . may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise.' " *Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. 2018) (quoting *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 38 F. Supp. 3d 1043, 1055 (D. Minn. 2014)); *see also N. Sec. Co. v. United States*, 191 U.S. 555, 555–556 (1903) (discussing discretionary standard for permitting amicus filings).

The Court denies Huang's request to file as amicus curiae.  Huang is not a party or a class member in this case.  His only purported "interest" stems from his involvement in an unrelated ERISA action originally filed in the United States District Court for the Eastern District of Missouri, in which he objected to the class settlement and appealed to the Eighth Circuit when his objection was overruled.  (*See* Notice of Appeal in *Schultz v. Edward D. Jones & Co, L.P.*, No. 4:16-cv-1346–JAR (E.D. Mo.) [Doc. No. 114].)  The Eighth Circuit has since rejected Huang's appeal and affirmed the approval of the *Schultz* settlement, which

renders moot any suggestion that this Court stay the case pending resolution of the *Schultz* case. *See McDonald*, 2020 WL 504865, at *1 (rejecting Huang's appeal and affirming district court certification of settlement class, approval of settlement, and award of attorneys' fees and case contribution awards). Additionally, Huang's contentions that there are standing issues here are meritless; the Court has already held that Plaintiffs have standing. (*See* Order Granting in Part and Denying in Part Mot. to Dismiss [Doc. No. 71] at 9–12.) Finally, Huang is incorrect that "few objectors" would or will object; at least two objections to the settlement have already been filed. (*See, e.g.*, Doc. Nos. 101 (letter objection), 102 (letter objection).)

Ultimately, the Court does not consider Huang's proposed involvement to be timely, useful, or otherwise helpful to the Court. Accordingly, the Court denies Huang's motion to file an amicus brief [Doc. No. 103] and denies as moot Huang's motion to file a reply brief [Doc. No. 110].

## II.  CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Shiyang Huang's Motion for Leave to File Amicus Curiae in Support of Neither Party [Doc. No. 103] is **DENIED**, and his Motion for Leave to File Reply/Surreply [Doc. No. 110] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: February 6, 2020           s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge