UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Judy Larson, Janelle Mausolf, and Karen Reese, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Allina Health System; the Allina Health System Board of Directors; the Allina Health System Retirement Committee; the Allina Health System Chief Administrative Officer; the Allina Health System Chief Human Resources Officer; Clay Ahrens; John I. Allen; Jennifer Alstad; Gary Bhojwani; Barbara Butts-Williams; John R. Church; Laura Gillund; Joseph Goswitz; Greg Heinemann; David Kuplic; Hugh T. Nierengarten; Sahra Noor; Brian Rosenberg; Debbra L. Schoneman; Thomas S. Schreier, Jr.; Abir Sen, Sally J. Smith; Darrell Tukua; Penny Wheeler; Duncan Gallagher; Christine Webster Moore; Kristyn Mullin; Steve Wallner; John T. Knight; and John Does 1–20,<br><br>Defendants. | Civil Action No.: 17-3835-SRN-SER<br><br>**DECLARATION OF MARK K. GYANDOH ON BEHALF OF CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; CERTIFICATION OF SETTLEMENT CLASS; APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL; APPROVAL OF PLAN OF ALLOCATION; AND IN FURTHER SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS FOR THE CLASS REPRESENTATIVES** |

I, Mark K. Gyandoh, on behalf of Class Counsel, declare as follows:

1.  I have personal knowledge of the facts set forth below and, if called as witness, I could and would testify competently thereto.

2.  I am a partner with the law firm of Capozzi Adler, P.C., and was formerly counsel with the law firm of Kessler Topaz Meltzer Check, LLP ("KTMC") during the

1

litigation and settlement of this matter, and am a member in good standing of the bars of the states of Pennsylvania and New Jersey. I was the lead attorney for KTMC while there, and my current firm, in this litigation, representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

3. I, along with Class Counsel (KTMC, Bailey Glasser LLP ("Bailey Glasser"), Izard Kindall & Raabe LLP ("Izard Kindall"), and Nichols Kaster PLLP ("Nichols Kaster") have been actively involved in all stages of this lawsuit, including investigating and preparing the Complaint, successfully defending against Defendants' motion to dismiss, and settling this litigation.

### The Litigation History and Settlement Negotiations

4. Following eight months of investigation, Plaintiffs Judy Larson, Janelle Mausolf, and Karen Reese filed the Complaint on August 18, 2017.

5. Defendants moved to dismiss the Complaint on December 15, 2017 pursuant to FED. R. CIV. P. 12(b)(1) and (6), claiming that Plaintiffs did not have standing to challenge the mutual fund window used by the Plans and that they failed to state a claim for breach of fiduciary duties under ERISA for all other funds.

6. Class Counsel spent considerable time and resources opposing the motion to dismiss. Briefing on the motion to dismiss was completed on February 28, 2018 when Defendants filed a reply brief in support of their motion to dismiss. I argued for Class Counsel at the oral argument held on May 3, 2018. On October 1, 2018, this Court issued an opinion and order granting in part and denying in part Defendants' motion.

7.     The settlement negotiations that led to this settlement began in earnest on November 1, 2018 when Class Counsel submitted a written settlement demand to counsel for Defendants. Thereafter, over the next five months Class Counsel and defense counsel engaged in extensive telephonic and e-mail discussions concerning settlement. Whether by phone or email, the Parties' discussions were thorough, encompassing each sides' assessment of the merits of the case, including the respective strengths and weaknesses of their positions. As part of this process, the Parties exchanged information related to the aforementioned.

8.     After reviewing all of the relevant information, including documents provided by counsel for Defendants, and publicly available information, Class Counsel determined maximum potential damages to the Plans of $8 million. This figure is based in large part on alleged kickbacks on investment fees that Fidelity Management Trust Company ("FMTC") received from non-affiliated investment managers.

9.     Defendants produced documents that suggest that these monies actually offset recordkeeping and other charges to the Plans, which would reduce the potential full damages figure by at least $4 million. We reviewed the information produced by Defendants and determined there was some merit to their position.

10.    On April 5, 2019, the Parties agreed to the Settlement in principle, settling this matter for $2.425 million, representing 30.0% of the Settlement Class's maximum potential damages. Plaintiffs did not discount the amount of the Settlement based on Allina's ability to pay a judgment. Several weeks of negotiations followed to finalize the terms of the Settlement Agreement. Based on the aforementioned negotiations and

exchange of information, the Parties were able to negotiate a fair settlement that they believe to be in their respective best interests.

## The Settlement Agreement

11.     The Settlement Agreement was submitted to the Court on October 16, 2019 as Exhibit 1 to the Declaration of Mark K. Gyandoh in support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement [ECF 96-1] and was granted preliminary approval by this Court on November 21, 2020 [ECF 99].

12.     The Settlement Agreement resolves all claims of current and former participants in the Plans since August 17, 2011.  *See* Settlement Agreement, attached hereto as Exhibit 1, §§ 1.10 and 1.40.  To effectuate the Settlement, Defendants agreed not to oppose the certification of the "Settlement Class," defined as "all participants and beneficiaries of the Plans during the Class Period, excluding Defendants and their Immediate Family Members to the Action."  *See id.* at § 1.40.

13.     Under the Settlement, the Settlement Fund ($2.425 million) will be used to pay the costs to administer the Settlement, to provide notice to Settlement Class members and to pay any attorneys' fees, expenses and Case Contribution Awards that the Court may order.  *Id.* at §§ 8.1.1, 8.1.4, 8.2.1, 8.2.2, and 8.2.3.  The Settlement Fund, up to the amount of $25,000, will also be used to pay the costs of an Independent Fiduciary who, upon review of the Settlement, will approve and authorize the Settlement in a writing to be submitted to the Court by March 27, 2020.  *Id.* at §§ 2.6, 8.1.3.  Defendants will be responsible for any fees of the Independent Fiduciary in excess of $25,000.  *Id*. at § 8.1.3.

14. After the payment of costs, expenses and fees described above, the Settlement Fund will be distributed to Settlement Class members. *Id*. at § 8.2.3. Settlement Class members will not have to make a claim to receive their share of the Settlement Fund. The amount distributed to each Settlement Class member will be *pro rata*, based on account balances, a proxy for the alleged losses, as fully described in the Plan of Allocation attached to the Settlement Agreement. *Id*. at Exhibit C. No payment to any Settlement Class member shall be smaller than ten dollars ($10.00). Any Settlement Class Member whose payment pursuant to Section C is less than ten dollars ($10.00) shall receive a payment of ten dollars ($10.00). Plan of Allocation at Section D.

15. Current Plans' participants will receive their share of the Settlement Fund through an electronic distribution to their Plan account. *Id*. at Section E. Former participants whose Final Dollar Recovery is determined to be over two hundred dollars ($200.00) will have the option to elect a rollover to a designated retirement account. Otherwise, they and those former participants whose Final Dollar Recovery is determined to be less than two hundred dollars ($200.00) will receive a check mailed to their last known address that expires in one hundred and eighty (180) days. *Id*. at Section F. If any checks to former Plan participants are uncashed, the money shall be forwarded to the Plans' Trust for purposes of defraying administrative fees and expenses of the Plans that would otherwise have been charged to the Plans' participants. *Id.* at Section I.

16. The Settlement Agreement also provides that Plaintiffs and Settlement Class members will provide a release and covenant-not-to-sue to Defendants and the other Released Parties covering the claims that were or could have been asserted in the Action

based on the facts alleged in the Complaint filed in this case or Defendants' defenses to the Plaintiffs' claims. Settlement Agreement at §§ 3 and 4.5. The release and covenant-not-to-sue in the Settlement does not encompass individual claims for vested benefits that are otherwise due under the terms of the Plans.

17. Based on their years of experience, as described in the separate declarations[1] being submitted on behalf of KTMC, Bailey Glasser, Izard Kindall, and Nichols Kaster, Class Counsel believe the Settlement and Plan of Allocation to be fair, reasonable, and adequate.

18. Indeed, Class Counsel are experienced and skilled practitioners in the fields of ERISA class actions and complex litigation. *See generally* KTMC, Bailey Glasser, Izard Kindall, and Nichols Kaster Declarations. My biography is attached hereto as Exhibit 6. I am chair of the Fiduciary Practice Group at my firm and have successfully handled dozens of ERISA breach of fiduciary duty class actions, including cases involving defined contribution retirement plans' investment lineups. I have been litigating ERISA fiduciary breach lawsuits for 15 years and currently serve as lead counsel in several fiduciary breach actions across the country. As a result, I am very familiar with the cases in this field.

19. On November 21, 2019, the Court preliminarily approved the Settlement.

### Effectuation of Notice

20. The Settlement Administrator, JND Legal Administration LLC ("JND") implemented the notice program ordered by the Court, including direct mailing of the Class

---

[1] The firm declarations of KTMC, Bailey Glasser, Izard Kindall, and Nichols Kaster are attached hereto as Exhibits 2, 3, 4, and 5, respectively.

Notice to the Plans' participants. *See* Declaration of Jennifer M. Keough Regarding Notice Administration ("JND Declaration") (attached hereto as Exhibit 7). On December 20, 2019, JND mailed the Class Notice to all identifiable Settlement Class Members with known addresses; and (b) made available the Class Notice and other related Settlement documentation on a website dedicated to the Settlement. *Id.* at ¶¶ 5, 9. The notice program apprised Settlement Class members of the terms of the Settlement, and of their right to object to any or all of the terms of the Settlement, Plan of Allocation, Case Contribution Awards, or to Class Counsel's motion for award of attorneys' fees and reimbursement of litigation expenses.

21. The deadline to file objections to the proposed Settlement or attorneys' fees is March 16, 2020. To date, only four (4) members of the Settlement Class have submitted objections. Each of the objectors ask the Court to award Class Counsel less than the requested attorneys' fees and expenses. *See generally* ECF 101 (objection of Patricia P. Hines); 102 (objection of Randall K. Johnson); 112 (unidentified objector); and 113 (objection of Sharon Atchley). Class Counsel addresses these objections in the contemporaneously filed Memorandum of Law in Support of Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards for the Class Representatives ("Fee Memorandum")

22. We will advise the Court prior to the Fairness Hearing if other objections are received before the objection deadline.

**Class Counsel's Requested Fee and Expense Awards Is Fair and Reasonable**

23. As detailed in the accompanying Fee Memorandum, Class Counsel believes that Class Counsel's request for attorneys' fees readily meets the standards set forth in *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017), and merits the Court's approval.

24. This was a vigorously prosecuted case which involved considerable time and resources investigating the action, successfully opposing the motion to dismiss, and negotiating an excellent result for the Settlement Class.

25. The recovery of $2.425 million in cash was achieved through the skill, work, dedication, and effective advocacy of Class Counsel who leaned on their decades of experience with complex ERISA class actions litigation of this type.

26. As payment for services rendered in achieving such a result, Class Counsel seek an award of attorneys' fees in the amount of $808,252.50, plus reimbursement of expenses reasonably incurred by Class Counsel. Class Counsel's efforts since the inception of this case has been without compensation of any kind and their fee has been wholly contingent upon the result achieved.

27. In this action, attorneys' fees equaling one-third of the Settlement Fund result in a fair and reasonable fee, especially given that the monetary result provides a benefit to the Settlement Class, and society has an interest in seeing that the wrongdoing alleged is prevented in the future.

28. Being filed concurrently as Exhibits 2-5 hereto are declarations submitted on behalf of KTMC, Bailey Glasser, Izard Kindall, and Nichols Kaster ("Fee

Declarations"). The Fee Declarations summarize the lodestar of each firm, including the number of hours, hourly rates, and the expenses reasonably incurred by each firm in connection with the litigation.

29. With respect to Capozzi Adler, as lead attorney for my firm I personally managed, delegated, and supervised the allocation of personnel and expenses employed by my firm in this case. We have aggressively and vigorously prosecuted this case and represented the best interests of the Plaintiffs and the participants and beneficiaries of the Plans. Over the course of the litigation, we have incurred the following expenses:

| Expense Category | Amount |
|---|---|
| PACER/Westlaw Research | $16.01 |
| Travel [Fairness Hearing] | $922.45 |
| **Total** | **$938.46** |

30. The expenses listed in above were actually incurred in the litigation of this case as reflected in the books and records of Capozzi Adler. These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses. These expenses were necessary to the prosecution and settlement of the case, and are of the type that would be billed to hourly clients of the firm.

31. The firm's hours and lodestar devoted to this matter, as of March 4, 2020, are as follows:

| Name | Position | Hourly Rate | Hours | Lodestar |
|---|---|---|---|---|
| Mark K. Gyandoh | Partner | $820 | 61.40 | $50,348.00 |
| Linda Gussler | Paralegal | $250 | 2.20 | $550.00 |
| **Totals** | | | | $50,898.00 |

32.   The time reflected above was reasonable and necessary to effectively prosecute this case, and avoided duplication of efforts. The above table is based on my firm's contemporaneous time records, and breaks out the hours and rates for each attorney and paralegal.

33.   Details and material supporting the time records and expenses referenced in this declaration are available upon the request of the Court.

34.   I reviewed the time printouts to confirm both the accuracy of the entries on the printouts as well as the necessity for and reasonableness of the time committed to the litigation. Based on this review, I believe that the time reflected in my firm's lodestar calculation is reasonable in amount and was necessary for the effective and efficient prosecution and resolution of the litigation. Capozzi Adler litigated this case on a wholly contingent basis and the hourly rates shown for the attorneys and paraprofessionals at my firm are the current hourly rates for contingent matters. These rates are in line with rates that have been accepted by courts in other complex actions.

35.   The time entries above do not include future time spent on this case to communicate with class members and monitor Defendants' compliance with the Settlement, among other things. Based on mine and Class Counsel's experience with similar cases, at least 35 to 40 additional hours are expected for future interviews with an Independent Fiduciary, communications with Settlement Class members, attendance at the Fairness Hearing, and monitoring of Defendants' compliance with the Settlement.

36. Class Counsel sought throughout this litigation to avoid duplication of effort by counsel. Moreover, we have reviewed our time records and eliminated certain entries in the exercise of billing judgment.

37. Additionally, the expenses incurred in this Action are commercially reasonable, and are reflected on the books and records of our firms, which are available for inspection at the Court's request. As detailed in the Fee Declarations, most of these expenses have been incurred in computerized legal research, copy charges, printing costs, and travel costs incurred for out-of-town travel, and postal charges, messenger and overnight delivery services. Courts have typically found that such expenses are properly paid from a fund recovered by counsel for the benefit of a class.

38. In total, we have expended 1,533.60 hours in the prosecution of this Action, with a resulting lodestar of $765,541.00. The requested fee of $808,252.50 is fair and reasonable considering the risks that Class Counsel took in prosecuting this Action under the applicable standards in this and other circuits in similar cases. The total expenses requested, in the amount of $12,413.78, are also reasonable and were necessarily incurred for the successful prosecution of the Action.

39. Without the Action, it is highly unlikely that individual claimants would have had the resources to pursue claims of this magnitude. Moreover, as noted above, protecting the retirement funds of employees, and obtaining recompense when those funds are mismanaged, is in the public interest and supports the fee award sought.

40. As discussed in the accompanying Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Settlement Agreement and Fee memorandum,

11

Class Counsel confronted and overcame a number of significant obstacles to success. As a result of diligent efforts and their skill and expertise, Class Counsel were able to negotiate an excellent Settlement for the Settlement Class.

### Case Contribution Awards Sought for the Plaintiffs Are Reasonable

41. Plaintiffs seek an award of $5,000 for each of the three Class Representatives for their contributions to the prosecution and Settlement of the Action. Any such awards will be paid from the Settlement Fund.

42. Each of the Plaintiffs was instrumental in seeking relief on behalf of the Plans and they each have been actively involved in the litigation. These individuals took time away from other obligations in order to fulfill their obligations to the Settlement Class by: (1) engaging counsel, reviewing the Complaint and agreeing to publicly serve as Named Plaintiffs; (2) staying informed of the case and making themselves available at all times to discuss the litigation; (3) providing information and documents; (4) participating in teleconferences concerning the Action; (5) and reviewing, considering, and ultimately approving the proposed Settlement for presentation to the Court.

43. As discussed in the accompanying Fee Memorandum, the requested case contribution awards are supported by ample legal authority in similar cases.

44. Further, to date, no objection to the Case Contribution Awards request has been raised. We will advise the Court if any objection is received subsequent to the date of the objection deadline.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 10th day of March, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200
markg@capozziadler.com

***Plaintiffs' Counsel***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March 2020, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which will send a notification to all counsel of record in this Action.

/s/ *Mark K. Gyandoh*
Mark K. Gyandoh