UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Judy Larson, Janelle Mausolf, and Karen Reese, individually and on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>Allina Health System; the Allina Health System Board of Directors; the Allina Health System Retirement Committee; the Allina Health System Chief Administrative Officer; the Allina Health System Chief Human Resources Officer; Clay Ahrens; John I. Allen; Jennifer Alstad; Gary Bhojwani; Barbara Butts-Williams; John R. Church; Laura Gillund; Joseph Goswitz; Greg Heinemann; David Kuplic; Hugh T. Nierengarten; Sahra Noor; Brian Rosenberg; Debbra L. Schoneman; Thomas S. Schreier, Jr.; Abir Sen, Sally J. Smith; Darrell Tukua; Penny Wheeler; Duncan Gallagher; Christine Webster Moore; Kristyn Mullin; Steve Wallner; John T. Knight; and John Does 1–20,<br><br>               Defendants. | Case No. 17-cv-03835 (SRN/TNL)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS FOR THE CLASS <u>REPRESENTATIVES</u>** |

This *Action*[1] came for a teleconference hearing on May 22, 2020 on the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses incurred in the Action and for Case Contribution Awards for the Class Representatives. Appearing

---

[1] All capitalized and italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

1

on behalf of Plaintiffs were Mark Gyandoh, Capozzi Adler O.C., 2933 N. Front St., Harrisburg, PA 17110; Kai Richter, Nichols Kaster, PLLP, 80 S. 8th St., Ste. 4600, Minneapolis, MN 55402; and Mark Kindall, Izard, Kindall & Raabe, LLP, 29 S. Main St., Ste. 305, West Hartford, CT 06103.  Appearing on behalf of Defendants were Andrew J. Holly and Nicholas J. Bullard, Dorsey & Whitney LLP, 50 S. 6th St., Ste. 1500, Minneapolis, MN 55402.  Objector Dr. Randall Johnson also appeared.  Having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefrom:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and italicized terms used in this Order shall have the same meanings as ascribed to them in the *Settlement Agreement* executed by *Named Plaintiffs* and *Defendants*.

1.     The *Court* has jurisdiction over the subject matter of the *Action* and over all *Parties* to the *Action*, including all members of the *Settlement Class*.

2.     On November 21, 2019, the *Court* entered the Preliminary Approval Order [Doc. No. 99] regarding the *Settlement*.  *Class Counsel* oversaw the issuance of the Court-approved Class Notice, for which 69,558 individual Class Notices were mailed to Settlement Class members. (Keough Decl. [Doc. No. 118-7] ¶ 5.)  The mailing resulted in a 95.87% rate. (Id. ¶ 8.)  The Class Notice was also posted on a website, www.AllinaERISASettlement.com, through which *Settlement Class* members could view a summary description of the *Action*, its status, and access the *Settlement Agreement* and

related documents. (Id. ¶ 9.) *Class Counsel* also received 448 telephone inquiries about the *Settlement* from *Settlement Class* members, (id. ¶ 12), and received and responded to 89 emails from *Settlement Class* members. (Gyandoh Supp'l Decl. [Doc. No. 126] ¶ 6.)

3.  The November 21, 2019 Preliminary Approval Order addressed the rights of *Settlement Class* members to object to any aspect of the *Settlement*, including the proposed award of attorneys' fees, stating,

> Any member of the *Settlement Class* or authorized recipient of any *CAFA Notice* may file an objection to the fairness, reasonableness, or adequacy of the *Settlement*, to any term of the *Settlement Agreement*, to the *Plan of Allocation*, to the proposed award of attorneys' fees and litigation costs, the payment of costs of administering the *Settlement* out of the *Settlement Fund*, or to the request for a *Case Contribution Award* for the *Named Plaintiffs*.

(Nov. 21, 2019 Prelim. Approval Order ¶ 10.)

4.  Four objections, representing less than 0.01% of those who received mailed notice of the *Settlement*, were filed. The objections do not challenge the fairness or reasonableness of the *Settlement*; they only challenge the request for attorneys' fees. Patricia Hines objects to the requested amount for the fees and expenses, and requests that the Court limit fees and expenses to less than 20% [Doc. No. 101]. Dr. Randall Johnson, who appeared at the hearing on the instant motion and stated his objection on the record, also filed a written objection [Doc. No. 102]. Dr. Johnson states that a one-third allocation for attorneys' fees is too high, and believes that a 10–15% allocation would be more reasonable. An unknown objector states that "[t]he only winner here is the lawyers . . . and we wonder why healthcare is so expensive." [Doc. No. 112]. Finally, Sharon Atchley states that an allocation of one-third "plus a maximum of fifty thousand ($50,000) for

3

reimbursement of expenses seems very excessive." [Doc. No. 113]. She asks that fees and expenses be limited to less than 20% of the *Settlement*.

5. The Court finds that the requested amount of attorneys' fees and the requested amount of expenses are reasonable. "Congress intended that private individuals would play an important role in enforcing ERISA's fiduciary duties. . . ." *See Braden v. Walmart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009). To that end, class counsel's fees should reflect the important public policy goal of "providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 51 (2d Cir. 2000). While court-awarded fees must be reasonable, if they are set too low, there will be insufficient incentive for attorneys to bring large class action cases. *See In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL -1695 (CM), 2007 WL 4115808, at *3, 8 (S.D.N.Y. Nov. 7, 2007) (citing *Goldberger*, 209 F.3d at 53). Accordingly, in the Eighth Circuit, "courts have routinely awarded attorney fees ranging from 25% to 36% of a common fund under the percentage-of-the-fund method." *See Yarrington v. Solvay Pharm., Inc.*, 697 F. Supp. 2d 1057, 1061 (D. Minn. 2010) (approving attorneys' fees of 33% of the common fund).

6. Given the benefit conferred on the *Settlement Class*, the limited objections the fee and costs request, the risks incurred by *Class Counsel* since the outset of this litigation, with no promise of recovery or payment, the professional experience of and substantial work performed by *Class Counsel*, and *Class Counsel's* commitment to oversee the claim process and future work on this litigation, the Court finds that the requested

attorneys' fees and expenses are reasonable and appropriate. The four Objectors do not sufficiently consider all of these factors, and their objections are overruled.

7. Moreover, Defendants' independent fiduciary, Gallagher Fiduciary Advisors, LLC, which was hired to analyze both the terms of the *Settlement* and *Class Counsel's* application for fees and expenses, found the fee request reasonable, in light of the effort expended by Class Counsel in this litigation, and likewise found the *Settlement* reasonable. (Gallagher Rpt. [Doc. No. 129 at 9–10] ¶¶ 3–4.)

8. Ms. Hines and Ms. Atchley object to a maximum award of $50,000 in expenses [Doc. Nos. 101 & 113], but Plaintiffs only request $12,413.78. The Court therefore finds their objections moot in this regard, and further finds that these expenses were necessary for the prosecution of the case.

9. Class Counsel are hereby awarded attorneys' fees of $808,252.50 and reimbursement of expenses in the sum of $12,413.78 ("Attorneys' Fees/Expenses"), to be paid from the Settlement Fund. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Settlement Class.

10. Each of the Class Representatives are awarded $5,000.00 as a Case Contribution Award, as defined in the Settlement Agreement, in recognition of their contributions to this Action.

11. Accordingly, the Motion for Attorneys' Fees, Expenses, and Case Contribution Awards for the Class Representatives [Doc. No. 117] is **GRANTED**.

SO ORDERED this 22nd day of May, 2020.

<u>s/Susan Richard Nelson</u>
Susan Richard Nelson
United States District Judge
